this Court (*Matter of Fusco*, 62 AD3d 1088 [2009] [decided herewith]).

██ In the Matter of ANTHONY J. FUSCO, an Attorney Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [877 NYS2d 705]—

Per Curiam. Respondent was admitted to practice by this Court in 1989. He practiced law in New Jersey, where he was admitted to the bar in 1972.

By order dated January 20, 2009 (197 NJ 428, 963 A2d 816 [2009]), the Supreme Court of New Jersey reprimanded respondent and suspended him from the practice of law for a period of three months, effective February 20, 2009, for professional misconduct. Respondent was reprimanded for having improperly and without authorization signed a letter on behalf of a firm attorney which he then submitted to the New Jersey ethics committee. He was suspended from the practice of law because he engaged in impermissible fee sharing with a nonlawyer firm employee and related misconduct.

Petitioner moves for an order imposing reciprocal discipline (*see* 22 NYCRR 806.19). Respondent has filed an affidavit in mitigation.

Having considered the conduct which gave rise to respondent's discipline in New Jersey and respondent's affidavit in mitigation, and having due regard for the discipline imposed by the New Jersey Supreme Court, we conclude that the same disci-

pline should be imposed by this Court as was imposed in New Jersey, i.e., censure and suspension from the practice of law for a period of three months, effective immediately.

Spain, J.P., Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is censured; and it is further ordered that respondent is suspended from the practice of law for a period of three months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).